# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD LAUDERDALE and KAREN LAUDERDALE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) ) |
| OCWEN LOAN SERVICING, LLC, a corporation; | ) ) ) JURY DEMAND |
| Defendant. | ) ) |

## COMPLAINT

**COME NOW** Plaintiffs Richard Lauderdale and Karen Lauderdale (hereinafter "Plaintiffs") by and through their attorneys of record and file their Complaint against Defendant and state as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendant's repeated violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and by violations of state law by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiffs. This Honorable Court has federal question jurisdiction and diversity jurisdiction over these diverse parties.

## PARTIES

2. Plaintiffs Richard Lauderdale and Karen Lauderdale are residents of this Judicial District, and are over the age of 19.

3. Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") in this action is a foreign corporation doing business in this Judicial District, and is considered a "servicer" under RESPA. It conducts business in Alabama. Its principal place of business is in the State of Florida and it is incorporated in Delaware.

## BACKGROUND INFORMATION ON MORTGAGE SERVICING CASES

4. In recent years many of the abusive and illegal practices of mortgage companies have come to light, including the rampant "robo signing" and "dual tracking," all of which led to government action against servicers and the amendments on Regulation X (RESPA) effective January 2014.

5. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation

2

Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

7. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

8. The Defendant in this case is subject to the Regulations and does not qualify for any of the exceptions noted in the Regulations.

9. The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorneys fees.

10. While the mortgage companies have been vehement in their attacks on the CFPB and Regulation X, which overhauled the loss mitigation process and provided for "Notices of Errors" and "Requests For Information," as replacements for the old "Qualified Written Requests," the mortgage industry (including Defendant Ocwen) knows what the requirements are of this law.

11. The surprising fact is how often mortgage companies like Defendant Ocwen are willing to violate RESPA and the FDCPA along with state law.

12. This case is a perfect example of what is happening across the country and this state.

## STATEMENT OF FACTS

13. Plaintiffs had a consumer debt in the form of a residential loan which Defendant Ocwen began servicing and collecting on the loan.

14. Defendant Ocwen has collected on, threatened to foreclose on, and did in fact foreclose on Plaintiffs' property on February 26, 2014.

15. All actions of Defendant Ocwen are illegal.

16. Plaintiffs invoked the loss mitigation procedures in a timely manner allowed for by RESPA but Defendant Ocwen refused to allow Plaintiffs to exercise their rights to loss mitigation to avoid the foreclosure.

17. Defendant Ocwen repeatedly claimed to "lose" documents, never receive documents, etc. that Plaintiffs repeatedly sent – this was done so Defendant Ocwen could continue to "dual track" Plaintiffs into a foreclosure.

18. This violates RESPA and constitutes illegal "dual tracking" which is where a mortgage servicer (such as Defendant Ocwen) proceeds with foreclosure when a consumer requests loss mitigation.

19. Plaintiffs sent at least eight separate letters to Defendant Ocwen under the "Request for Information" provisions of RESPA in Regulation X that came into effect January 2014.

4

20. These letters were sent to gather information to determine why Defendant Ocwen refused to accept and properly process Plaintiffs' loss mitigation efforts, to find out which loss mitigation options were available, which Plaintiffs' were considered for, etc.

21. These letters were received, by certified mail, by Defendant Ocwen on July 3, 2014.

22. The Plaintiffs incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters, gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

23. These letters were mailed to the address specified by Defendant Ocwen to receive Request for Information and Notice of Error letters.

24. Defendant Ocwen failed on all the letters to acknowledge receipt of them within five business days as required by RESPA.

25. Defendant Ocwen failed to substantively respond within thirty business days of receiving the letters.

26. Defendant Ocwen failed to respond at all - instead Defendant Ocwen refused to take any action on any of the letters sent.

27. Defendant Ocwen has a pattern and practice of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiffs.

28. This allegation is supported by other suits and/or complaints against Ocwen and by the repeated refusal by Defendant Ocwen to timely and properly respond to the eight letters sent to it by Plaintiffs.

29. This is not an oversight or a mistake on the part of Defendant Ocwen but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

30. Defendant Ocwen believes that very few, if any, consumers will take action based upon its refusal to properly and timely respond to letters sent to it pursuant to Regulation X under RESPA and to Defendant Ocwen's other violations of RESPA set forth above.

31. The actions and inactions of Defendant Ocwen violate RESPA.

32. The actual foreclosure itself was illegal and not authorized by the mortgage and note that require that the law be followed and RESPA prohibited the foreclosure after Plaintiffs made a timely loss mitigation application.

33. The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiffs' bodies, minds,

and hearts, is difficult to describe as Defendant Ocwen has foreclosed and refused to provide requested information and has refused to correct its errors, including the foreclosure and the refusal to provide loss mitigation.

34. Plaintiffs allege that the alleged assignments between the original lender, and any other entity are defective, void, or otherwise unenforceable.

35. Plaintiffs contend that any alleged transfer was wrongful, illegal, in violation of law and the documents governing the relationship between Plaintiffs and the owners of their mortgage.

36. As a direct result of the acts complained of, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to their reputation, economic and emotional damages and claim from Plaintiff all damages allowable under the law.

37. All employees and agents of Defendant Ocwen acted within the line and scope of their employment and/or agency relationship with Defendant Ocwen.

## COUNT I.

## VIOLATIONS OF RESPA

38. Defendant failed to confirm or otherwise acknowledge receipt of many of the Request for Information and Notice of Error letters within the time period required by the law.

7

39. RESPA requires the Defendant Ocwen to send the Plaintiffs a written acknowledgement saying that the Defendant Ocwen received the Request for Information from the Plaintiffs.

40. The written acknowledgement had to be provided to the Plaintiffs within five (5) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.

41. Defendant Ocwen failed to follow this law.

42. Substantive responses are required to be sent to Plaintiffs by Defendant Ocwen within thirty (30) business days of receipt of the requests for information. The Defendant Ocwen has not provided the Plaintiffs with a substantive response to the letters sent to it in a timely fashion.

43. For example, Plaintiff sent eight letters that were received by Defendant Ocwen on July 3, 2014.

44. Acknowledgement was required by July 11, 2014, but Defendant Ocwen refused to do so.

45. Substantive responses were due by August 14, 2014, but were not mailed before then by Defendant Ocwen.

46. Defendant Ocwen also violated the prohibition on "dual tracking" by refusing to stop the foreclosure procedure after Plaintiffs requested loss mitigation in a timely manner.

47. Defendant Ocwen refused to accept the Plaintiffs' loss mitigation package, refused to acknowledge it, refused to stop the foreclosure upon receipt of a loss mitigation request, refused to evaluate the loss mitigation request, refused to tell Plaintiffs' what (if any) information was missing from the loss mitigation package/request, refused to tell the truth about missing documents, and failed to give time for Plaintiffs' to challenge or appeal the denial of the loss mitigation request, all of which are violations of RESPA.

48. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as, for example, it failed to comply with multiple letters from Plaintiffs, repeatedly failed to follow the loss mitigation rules, and, on information and belief, has been sued or otherwise has had complaints against it for failing to respond to other similar requests under Regulation X, including qualified written requests[1].

49. As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

---

[1] Qualified Written Requests still exist but for practical purposes have been replaced with requests for information and notices of errors.

50. The violations of the law by Defendant Ocwen set forth in this count and in paragraphs 3 and 13-37 of the Complaint have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery

## COUNT II.

## WANTON CONDUCT

51. Defendant Ocwen had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

52. Defendant Ocwen had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

53. Defendant Ocwen acted with wanton conduct in its dealings with and about Plaintiff as set forth in this Complaint at paragraphs 13-37, which includes foreclosing when it was illegal to do so.

54. Defendant Ocwen violated all of the duties Defendant Ocwen had and such violations were made wantonly.

55. It was foreseeable, and Defendant Ocwen did in fact foresee it, the actions of Defendant Ocwen would lead and did lead to the exact type of harm suffered by Plaintiff.

## COUNT III.

## INVASION OF PRIVACY

56. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant Ocwen violated Alabama state law as described in this Complaint.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

59. Defendant Ocwen and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

60. Defendant Ocwen and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including foreclosing on Plaintiffs when there was no right to do so.

61. This includes the false credit reporting by Defendant Ocwen on Plaintiffs' credit reports.

62. The plan and scheme carried out by Defendant Ocwen exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

63. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

64. The conduct of Defendant Ocwen and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendant Ocwen which occurred

in a way that would be highly offensive to a reasonable person in that position.

65. As a result of such intrusions and invasions of privacy (including the facts alleged in paragraphs 13-37 of the Complaint) Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant Ocwen.

66. All acts of Defendant Ocwen and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Ocwen is subject to punitive damages.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff having set forth their claims for relief against the Defendant Ocwen, respectfully pray of the Court to award over $75,000 and other relief as follows:

    a. That Plaintiffs have and recover against the Defendant Ocwen a sum to be determined by a jury of their peers in the form of actual/compensatory damages;

    b. That Plaintiffs have and recover against the Defendant Ocwen a sum to be determined by a jury of their peers in the form of nominal damages;

c.  That Plaintiffs have and recover against the Defendant Ocwen a sum to be determined by a jury of their peers in the form of statutory damages;

d.  That Plaintiffs have and recover against the Defendant Ocwen a sum to be determined by a jury of their peers in the form of punitive damages;

e.  That Defendant Ocwen be enjoined from further violations of the law against Plaintiffs;

f.  That Plaintiffs have reasonable attorney's fees, costs, expenses; and

g.  That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/*

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.

_____
Attorney for Plaintiffs

**Please serve Defendant by certified mail at the following address:**

Ocwen Loan Servicing, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104